UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAYNE JENSEN,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br><br>      Defendant. | Case No. 4:11-cv-00214-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

  This action is before the Court on Petitioner Layne Jensen's Petition for Review (Dkt. 1), seeking reversal of the Social Security Administration's final decision to deny disability benefits. This action is brought pursuant to 42 U.S.C. § 405(g). After carefully reviewing the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order denying Jensen's Petition for Review.

### ADMINISTRATIVE PROCEEDINGS

  On May 21, 2008, Layne Jensen ("Petitioner" or "claimant") protectively filed a Title II application for Social Security Disability Insurance Benefits, alleging a disability onset date of December 1, 2005. (AR 9). On June 19, 2008, Petitioner filed a Title XVI application for supplemental security income. Administrative Law Judge ("ALJ")

MEMORANDUM DECISION AND ORDER - 1

Donald R. Jensen conducted a hearing in Salt Lake City, Utah, on November 10, 2009. At the hearing, Petitioner was represented by non-attorney, G. Barrie Nielson. An impartial vocational expert, Terri L. Marshall-Gilfillan, also appeared and testified.

At the time of the hearing, Petitioner was 47 years old, 5'10" and weighed about 200 pounds. (AR 14). At the hearing, Petitioner testified that he lives in the basement of his mother's house and that he receives food stamps and Medicade. (*Id.*) He has a 10th grade education, with all of his past relevant work experience coming as an auto body technician. (*Id.*) Petitioner has been arrested 4-5 times for domestic violence. (AR 15). Petioner is a recovering alcoholic and smokes a pack of cigarettes every day. (*Id.*)

Petitioner appears to claim disability stemming from a variety of conditions: loss of consciousness associated with alcohol withdrawal, tremors, fibromyalgia, back pain, damage to both of his hands and wrist joints, anxiety disorder, panic disorder, agoraphobia, PTSD, sleep issues, and a generalized depressive disorder. During the time under consideration, Petitioner reported to being prescribed the following drugs: Valporic acid; Proges HPM; Proprannolol; Metaformin; Prozac; DHEA; Hydrocodone; Lortab; diazepam; Peipcid; Cyclobenzaprine; and oxytosin.

On March 25, 2010, the ALJ issued his decision denying Petitioner's claim for disability. (AR 9-20). Petitioner timely requested review by the Appeals Council, which ultimately upheld the determination of the ALJ on March 16, 2011, making that denial the final determination of the Commissioner. In denying his claim, the Commissioner determined that Petitioner was not disabled within the meaning of the Social Security Act. (AR 23-38).

MEMORANDUM DECISION AND ORDER - 2

## DISCUSSION

### A.    Standard of Review

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards.  42 U.S.C. § 405(g); *Matney ex. rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings as to any question of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. § 405(g).  In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence.  *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

"Substantial evidence" is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).  The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ.  *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving

MEMORANDUM DECISION AND ORDER - 3

conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ.  *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error.  *Matney*, 981 F.2d at 1019.  The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law.  *See id.*  However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute."  *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

The issue presented in the instant appeal is whether the Appeals Council's finding that Petitioner was not disabled is supported by substantial evidence and whether the finding is based on an application of proper legal standards.

**B.     Administrative Procedure**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (*see* 20 C.F.R. §§ 404.1520, 416.920) - or continues to be disabled (*see* 20 C.F.R. §§ 404.1594, 416.994) - within the meaning of the Social Security Act.

### 1.     Five-Step Sequential Process

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). SGA is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant has engaged in SGA, disability benefits are denied, regardless of how severe her physical/mental impairments are and regardless of her age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that Petitioner had not engaged in SGA since December 1, 2005, the alleged onset date. (AR 11). Petitioner does not dispute this finding.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921. If the

MEMORANDUM DECISION AND ORDER - 5

claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At this step, the ALJ found that Petitioner had the following severe impairments: degenerative disc disease of the lumbar spine; disorders of the right hand and wrist; and anxiety and depression. (AR 11). Petitioner does not dispute this finding by the ALJ.

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *Id*.

Here, the ALJ concluded that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments…." (AR 12). While Petitioner does not directly challenge this determination, he does argue that the opinions of two of Petitioner's treating therapists, Dr. Rich and Dr. Foster, were improperly rejected by the ALJ. This contention, however, is directed at the ALJ's residual functional capacity determination, addressed at step four.

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An

individual's RFC represents their ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. §§ 404.1545, 416.945. Likewise, an individual's past relevant work is work performed within the last 15 years or 15 years prior to the date that disability must be established; also, the work must have lasted long enough for the claimant to learn to do the job and be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

The ALJ determined here that the Petitioner has the residual functional capacity to perform a modified range[1] of light work as defined in 20 C.F.R. § 404.1567(b). (AR 14). The ALJ concluded, however, that Petitioner is unable to perform past relevant work as a auto body worker. (AR 18). Accordingly, the claim could not be resolved at step four, and the ALJ's evaluation proceeded to the fifth and final step of the process. *See* 20 C.F.R. § 404.1520(e) (AR 20–27).

When the claim reaches step five, the ALJ considers if the claimant is able to do any other work. 20 C.F.R. § 404.1520(f)(1). On the fifth step, the burden shifts to the ALJ. *Id.* If the ALJ finds that claimant cannot work, then the claimant is "disabled" and entitled to disability insurance benefits. *Id.* However, if the ALJ determines that the claimant can work, the ALJ must also establish that there are a significant number of jobs in the national economy that claimant can do in his or her condition. *Id.* "If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir.

---

[1] "[E]xcept he can lift 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk 6 hours per 8-hour day; and can sit without limitation; he can occasionally climb ladders, ropes, or scaffolds and frequently climb ramps or stairs; he can frequently balance, stoop, kneel, crouch, and crawl; he should avoid unprotected heights and hazards but has no other environmental limitations…"

2006). The ALJ can meet this burden two ways. *Id.* First, the ALJ can solicit the testimony of a vocational expert, or second, the ALJ can reference the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. *Id.*

Based upon the testimony of the vocational expert ("VE"), the ALJ concluded that, "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (AR 34). Specifically, after referencing Petitioner's limited ability to perform "the full range of sedentary work," the ALJ determined that Petitioner is able to perform the requirements of representative occupations such as laundry aide, with 23,000 jobs in the national economy; housekeeper/cleaner, with 400,000 jobs in the national economy; or a a addressor, clerical, with 20,000 jobs in the national economy. (AR 19-20). The ALJ based this determination on the testimony of a VE, and went further to find "[t]he vocational expert's testimony consistent with the information contained in the Dictionary of Occupational Titles. (AR 20).

**B.     Analysis**

Petitioner seeks judicial review of the denial of benefits, arguing that the ALJ erred in two respects. (Petitioner's Brief, Dkt. 12 at 2). First, he argues that the ALJ improperly discounted the opinions of Dr. Tina Rich and Dr. Nancy Foster, two of Petitioner's treating therapists. Second, he claims that the ALJ failed to consider all Petitioner's impairments when making the RFC determination. Specifically, he argues that the ALJ failed to consider the limitations that fibromyalgia, and bi-lateral wrist impairments present to Petitioner. Petitioner argues that these are reversible errors.

**MEMORANDUM DECISION AND ORDER - 8**

In response, the government argues that the ALJ's determination is supported by substantial evidence in the record. (Respondent's Brief, Dkt. 17) Respondent argues that Petitioner has failed to establish that he met his burden of showing he was disabled under the act. *Id.* Respondent contends that the ALJ properly reviewed, evaluated, and discounted the opinions of Drs. Rich and Foster, providing "clear and convincing reasons. Thus, Respondent asserts that the ALJ properly weighed all of the medical evidence. *Id.* Respondent further argues that Petitioner's argument regarding the ALJ's RFC determination is without merit because the ALJ properly considered all of Petitioner's limitations. Respondent reasons that, while the ALJ did not specifically cite to Petitioner's alleged fibromyalgia and bi-lateral wrist impairment when making the RFC determination, he did in fact consider the limitations of both conditions, and discussed them thoroughly at the second step of the sequential process. Respondent thus concludes that the final determination of the Commissioner should be upheld.

### 1. Weight of Medical Evidence

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *See* 20 C.F.R. §§ 404.1502, 416.927; *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, the opinions of treating physicians are given greater weight than those of other physicians, as treating physicians have a greater opportunity to observe the

claimant. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

While a treating physician's opinion is normally entitled to deference, it is not necessarily determinant as to the question of disability. *Rodriguez v. Bowen*, 876 F.2d 759, 761–62 (9th Cir. 1989). A lack of objective medical findings, treatment notes, and rationale to support a treating physician's opinion are all sufficient reasons for rejecting an opinion. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Petitioner claims here that the ALJ improperly rejected opinions of two of his treating doctors. Petitioner argues that these opinions establish disability for the period in question.

### a) Dr. Tina Rich, Ph.D.

Petitioner submitted three reports from Dr. Tina Rich, Ph.D. Dr. Rich is one of Petitioner's treating psychologists from the University of Utah Alcohol and Drug Abuse Clinic. In February 2008, Dr. Rich diagnosed Petitioner with a generalized panic disorder and agoraphobia, and alcohol dependence in early full remission, concluding that he could not work at all at that time. (AR265). In July 2008, Dr. Rich reevaluated Petitioner, coming to the same conclusion. (AR 268). However, in September 2008, Dr. Rich documented improvement, noting that Petitioner could return to part-time work, anticipating further improvement over the following weeks. (AR 269).

The government claims that the ALJ properly rejected the opinions of Dr. Rich "because they reflected Plaintiff's impairments from alcohol as well as from his anxiety." (Respondent's Brief, Dkt. 17 at 9). Respondent reasons that because Dr. Rich's opinion

MEMORANDUM DECISION AND ORDER - 10

accounts for both alcohol dependence and anxiety, the ALJ exercised proper discretion in discounting the opinion because "it did not offer an opinion of the distinct functional limitation from anxiety." (*Id.* at 10). Finally, Respondent claims that Dr. Rich's report is "contradicted by [other] treatment records, which demonstrated improvement with his anxiety." (*Id*. at 11).

In cases where medical reports are inconclusive, the ALJ is charged with resolving conflicting and ambiguous medical testimony. *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989). Here the ALJ discredited Dr. Rich's opinion of total and full disability because all of Petitioner's symptoms relating to alcohol dependence and anxiety showed marked improvement, presumably from discontinuing alcohol use, and, further, do not conform to Petitioner's activities of daily life. In other words, the ALJ enumerated specific and legitimate reasons for discounting this opinion. Accordingly, the final determination of the Commissioner will not be disturbed on this ground.

### b) Dr. Nancy E. Foster, Ph.D.

Petitioner also submitted hand-written notes and reports from Dr. Nancy E. Foster, Ph.D. Like Rich, Dr. Foster is also one of Petitioner's treating psychologists. In September 2009, Dr. Foster completed a Medical Source Statement for the administration regarding Petitioner's ability to work and perform related activities. Dr. Foster noted "moderate" limitations regarding Petitioner's ability to understand and carry out short simple instructions. When it came to more complex tasks, such as his ability to understand and carry out complex instructions, to interact appropriately with others, she

noted "marked" limitations. Dr. Foster opined that Petitioner's response to workplace pressures and routine changes present "extreme" limitations.

Respondent argues that the "ALJ reasonably determined that Dr. Foster's opinion did not merit significant weight." (*Id*. at 12). The Commissioner reasons that, to the extent that Dr. Foster's opinion was rejected, it was because "Dr. Foster's own treatment notes contradicted her opinion." (*Id*.) Specifically, Respondent points to Dr. Foster's initial assessment of Petitioner's symptoms as "mild," with some "functional difficulties," and improvement in symptoms at subsequent visits. (*Id*.) Finally, Respondent argues that the lengthy time gap between when Dr. Foster's Medical Source Statement was made, and when she last examined Petitioner, nearly a year, suggests that her opinion is "not supported by a significant clinical relationship." (*Id*.)

After reviewing the records and the files of Dr. Foster, the Court finds, and thus concludes, that the ALJ gave Dr. Foster proper consideration. The document Petitioner claims to support a finding of disability, Dr. Foster's Medical Source Statement, vary from Dr. Foster's treatment notes. Specifically, Dr. Foster assigned Petitioner a Global Assessment of Functioning score of 66, at his initial assessment; and that he had improved significantly, at his last appointment with her, on June 2, 2008.

A court must uphold the determination of the commissioner if the findings are "supported by inferences reasonably drawn from the record." *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004). This is the rule, even when there is "more than one rational interpretation" of the evidence. *Id*. Here, the ALJ supported his rejection of Dr.

Foster's disability opinion for adequate reasons. Accordingly, the determination of the Commissioner will not be disturbed on this ground.

### 2. Residual Functional Capacity Determination

Petitioner argues that the ALJ erred in the RFC finding by failing to consider all of the medical evidence, including all of his impairments and limitations. Specifically, he alleges that the ALJ did not consider fibromyalgia or the bi-lateral wrist impairment.[2]

As discussed above, however, the ALJ did not err in his treatment of the medical evidence. The ALJ provided a seven-page analysis of Petitioner's medical records including interpretation, weight given and adequate support for those decisions. While Petitioner points out that the ALJ did not discuss Petitioner's alleged fibromyalgia or left wrist impairment, as the Ninth Circuit Court of Appeals has held previously, the Court will not reverse where, as here, "the ALJ took into account those limitations for which there was record support that did not depend on [the claimant's] subjective complaints." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (upholding ALJ decision despite failure to perform function-by-function assessment and failure to consider drowsiness or reactions to stress); see also *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (finding that the ALJ adequately captured limitations to "concentration, persistence, or pace" with a restriction to "simple tasks").

The RFC finding by the ALJ is adequately supported. Accordingly, it will not be disturbed on this appeal.

---

[2] There is no dispute that the ALJ considered Petitioner's right wrist to be impaired. It is Petitioner's left wrist that is at issue here.

**MEMORANDUM DECISION AND ORDER - 13**

## C.  Conclusion

The Court concludes that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal standards. Accordingly, the Court will not substitute its interpretation or judgment for that of the ALJ in reaching his decision and the Commissioner's decision is upheld.

## ORDER

Based on the foregoing, the decision of the Commissioner is affirmed and this action is dismissed in its entirety with prejudice.

DATED: September 25, 2012

*/s/ Larry M. Boyle*

Honorable Larry M. Boyle
U. S. Magistrate Judge